No. 27,013.

The State of Kansas, *Appellee,* v. James Jones, *Appellant.*

SYLLABUS BY THE COURT.

Embezzlement—*Information—Instructions.* In a prosecution and conviction for the crime of embezzlement as defined in R. S. 21-545 the record examined, and the assigned errors considered and not sustained.

Appeal from Montgomery district court; Joseph W. Holdren, judge. Opinion filed July 10, 1926. Affirmed.

*S. H. Piper* and *J. F. Sanford,* both of Independence, for the appellant.

*Charles B. Griffith,* attorney-general, *Roland Boynton,* assistant attorney-general, *B. W. Berg,* county attorney, and *W. B. Grant,* deputy county attorney, for the appellee.

The opinion of the court was delivered by

Dawson, J.: Defendant was convicted of embezzlement under R. S. 21-545. He had been intrusted with a gold watch and $110 in money which he undertook to deliver to the wife of the prosecuting witness and converted this property to his own use.

Error is based on instruction No. 6, which reads:

"VI. Generally speaking, to embezzle is to appropriate to one's own use that which is intrusted to one's care; to apply to one's private use by a breach of trust. It is to fraudulently remove and secrete personal property or funds or moneys with which a party has been intrusted for the purpose of applying to his own use. In order to establish the crime of embezzlement in this case, it is necessary for the state to prove, among other things:

"1st. That the defendant, at the times alleged, was the agent of the prosecuting witness, Arthur Euell.

"2d. That the defendant collected and received into his possession, in his capacity as such agent, the sum or sums of money or property, as charged in the information.

"3d. That such money, if any, so received, belonged to his principal.

"4th. That he converted the same or some part thereof to his own use without the assent of his principal.

"5th. That there was a fraudulent intent on the part of the defendant to deprive his said principal of the said moneys, if you find that he was deprived of any moneys."

Defendant argues that the introductory language of this instruction is open to the criticism that under such a definition "every breach of trust would constitute a crime." It is also argued that it is susceptible of an interpretation that a person would be guilty of

Criminal Law, 16 C. J. pp. 1049 n. 82, 1056 n. 20, 1063 n. 85, 1258 n. 3.

embezzlement if he applied to his own use personal property or funds or moneys which had been intrusted to him for that very purpose. If there had been an issue of fact or a defense in this case involving the question whether the money and watch were given to defendant "for the purpose of applying [them] to his own use" or for the purpose of being delivered to the wife of the prosecuting witness, there might be some shadowy basis for this criticism of the instruction. But no such issue of fact or defense was in the case. Moreover, even if that part of the instruction subjected to the criticism of counsel is not abstractly correct or not phrased with aptness and precision, its abstract defects are quite immaterial, since the text of the instruction descended into details and covered simply and concretely just what the state had to prove in this particular case before defendant could be convicted of embezzlement. In those details there was no error.

In the same instruction, however, defendant finds a basis for another complaint. He calls attention to the language of the trial court: ". . . it is necessary for the state to prove, *among other things:* . . ." Here defendant's point is that nowhere does the trial court explain what those *other things* are. This point is hypercritical. These "other things," such as the venue, the rule of the statute of limitations and the like, which usually need some mention in every criminal case, were duly covered by other instructions, nor indeed is it suggested that any of these typical and familiar "other things" were omitted from the instructions given.

It is also contended that the trial court erred in failing to give an instruction defining agency as used in the statute. None was asked nor necessary in this case. It does not even appear that this point was called to the trial court's attention in the motion for a new trial.

Error is also assigned in overruling defendant's motion in arrest of judgment in which it was obscurely suggested that the information did not state facts sufficient to constitute a penal offense. In what particular respect the information was defective is not disclosed in defendant's brief. Some discussion of R. S. 21-545 and 21-547 is indulged in, but we do not see its pertinence. This defendant was charged with being the agent of Arthur Euell, and that as such agent he received into his possession the money and watch of his principal for the purpose of being delivered by defendant to Euell's wife, and that defendant did willfully and feloniously embezzle the money and watch to his own use without the assent of Euell.

A painstaking perusal of the abstract and briefs discloses no error of law, no shortage of evidence, nor any miscarriage of justice in the conviction and sentence of defendant, and the judgment is therefore affirmed.